ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VIII

| MARÍA DE MATER O'NEILL BECERRA Y OTROS<br><br>Recurrido<br><br>v.<br><br>WASHINGTON PARTNERS, LLC Y OTROS<br><br>Peticionario | KLCE202300584 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número: SJ2022CV06522<br><br>Sobre:<br><br>Daños y otros |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Rivera Marchand y la Jueza Aldebol Mora

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2023.

Comparecen Washington Partners, LLC y Taft Partners, LLC (peticionarios) y nos solicitan la revocación de la *Orden* emitida el 12 de enero de 2023, notificada el 17 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). En esta, el foro primario no autorizó la *Reconvención* presentada por los peticionarios.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.* Veamos.

**I.**

María de Mater O'Neill y Sara Marina Dorna Pesquera (recurridas) incoaron una *Demanda* en contra de Washington Partners, LLC, Taft Partners, LLC, Gustavo Ayala, Rafael Santiago Rivera, Eduardo Oliver Polanco, Constructora BHC y otros.[1] Según se desprende de sus alegaciones, las demandantes residen en el apartamento número 1 del Condominio Trigo 557, que consta de

---

[1] Apéndice, págs. 1-20.

Número Identificador:

RES2023_____

tres niveles y se encuentra ubicado en la zona histórica de Miramar, en el Municipio de San Juan. Relataron que, desde junio de 2021, los demandados, en calidad de titulares de los apartamentos número 2 y 3, han realizado construcciones y remodelaciones sin ostentar los debidos permisos de las agencias gubernamentales y en violación de la escritura matriz. En particular, indicaron que el permiso de construcción emitido por la Oficina de Gerencia y Permisos (OGPe) era un permiso nulo.

Expusieron, además, que las referidas construcciones han ocasionado daños a las paredes y al techo de su apartamento y han afectado su salud. A su vez, adujeron que dichas construcciones impiden el acceso a la azotea del edificio, en la cual se encontraban unas placas solares de su propiedad. A esos efectos, solicitaron al foro primario un *injunction,* una sentencia declaratoria y remedios por los daños y perjuicios sufridos. La demanda fue enmendada para incluir a la OGPe como parte indispensable. Además, en cumplimiento con una orden del TPI, la parte demandante aclaró que su solicitud de *injunction* era de índole estatutario, al amparo del Artículo 14.1 de la Ley161-2009, 23 LPRA sec. 9024.

Luego de varias incidencias procesales, el foro primario (sala de recursos extraordinarios), mediante una *Sentencia Parcial*[2] emitida el 27 de octubre de 2022, por la vía sumaria, ordenó la desestimación y el archivo de las reclamaciones de la demanda enmendada sobre el *injunction* estatutario, bajo el Artículo 14.1 de la Ley Núm. 161-2009, *supra* y la solicitud de sentencia declaratoria.[3] Consignó que, la OGPe había dejado en suspenso la vigencia y la efectividad del permiso de construcción, pendiente a

---

[2] Apéndice, págs. 370-401.

[3] De otra parte, el foro primario emitió una *Sentencia Parcial* mediante la cual acogió un aviso de desistimiento sin perjuicio de la reclamación contra Rafael Santiago Rivera presentada por las demandantes. Además, dictó otra *Sentencia Parcial* mediante la cual desestimó la reclamación instada contra la OGPe. Véase, Apéndice pág. 370 nota núm. 1.

una recomendación final del Instituto de Cultura Puertorriqueña, por lo que, la obra de construcción se encontraba paralizada. Determinó que dichas reclamaciones se tornaron académicas como consecuencia de los cambios fácticos suscitados luego de que se presentara el caso en su origen. De otra parte, refirió la reclamación sobre daños y perjuicios ante la secretaria regional para que se continuara el caso como un pleito ordinario ante la sala civil correspondiente.

Así las cosas, y en lo referente al recurso ante nos, el 19 de diciembre de 2022 (5:40:49 pm Entrada Núm. 104), Washington Partners, LLC, Taft Partners, LLC, y Gustavo Ayala, presentaron su *Contestación a la Demanda*.[4] En suma, negaron las alegaciones y adujeron que los daños alegados en la demanda eran inexistentes. Más tarde, pero en igual fecha, instaron una *Reconvención* (6:34:00pm Entrada Núm. 106).[5] Arguyeron que la azotea era un elemento privativo o común limitado de los apartamentos número dos (2) y tres (3), respectivamente. A su vez, alegaron que el sistema de paneles fotovoltaicos fue instalado en la azotea sin la autorización de los demás titulares del condominio. Adujeron que la instalación de las placas solares provocó la perforación de la loza en la azotea del apartamento número tres (3) y de la azotea de la terraza del apartamento número dos (2). Además, indicaron que las perforaciones han causado una constante intrusión de agua en el interior del apartamento número tres (3) y en la terraza del apartamento número dos (2). Por ello, solicitaron el desahucio sumario de las recurridas por la ocupación y uso de la propiedad de los apartamentos números 2 y 3. En particular, solicitaron la remoción de toda propiedad o artículo que se encontrara fijado en la referida azotea. Suplicaron al foro primario que ordenara la

---

[4] Íd., págs. 402-412.
[5] Apéndice, págs. 413-420.

reparación de las áreas afectadas y el resarcimiento por los daños y perjuicios sufridos. Además, solicitaron remedios por los presuntos actos torticeros de las demandantes con las relaciones contractuales de los peticionarios ante terceros, más costas, gastos y honorarios de abogado. Asimismo, solicitaron un señalamiento de vista para dilucidar el desahucio sumario.[6]

Así las cosas, los peticionarios presentaron una *Solicitud de Anotación de Rebeldía*[7] a la cual se opusieron las recurridas. En su *Oposición a la Reconvención y Anotación de Rebeldía*[8] arguyeron que, en el presente caso los demandados incumplieron lo establecido en la Regla 11.5 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V. R. 11.5, al presentar su reconvención de forma tardía y sin autorización previa del TPI. En su consecuencia, solicitaron que la *Reconvención* presentada se tuviese por no puesta y se denegara la *Solicitud de Anotación de Rebeldía*.[9]

Evaluados los escritos de las partes, el foro primario emitió una *Orden,* en la cual expuso lo siguiente:

> "No se autoriza reconvención. Dicha acción de desahucio sumario deberá presentarla en un pleito independiente."[10]

Insatisfechos, los peticionarios solicitaron una reconsideración.[11] En ella, arguyeron que la causa de acción promovida en la *Reconvención* surgía de la misma serie de eventos objeto de la demanda. Por ello, alegaron que la reconvención presentada era una de carácter compulsorio y debía permitirse. Aclararon que la acción sobre interferencia ilícita podría considerarse como una reconvención permisible, según la Regla 11.2 de las Reglas de Procedimiento Civil, *supra.* En reacción a lo anterior, las recurridas presentaron una *Oposición a la*

---

[6] Apéndice págs. 421-424.
[7] Íd. pág. 425.
[8] Íd. págs. 426-427.
[9] Íd.
[10] Íd. pág. 428-429.
[11] Apéndice, págs. 430-433.

*Reconvención.* En esencia argumentaron que, la *Reconvención* presentada altera radicalmente el alcance y naturaleza del caso.[12] Además, plantearon que la *Reconvención* fue presentada posterior a la contestación a la demanda, por lo que debía darse por renunciada. Por su parte, los peticionarios nuevamente suplicaron al foro primario que autorizara sus reclamaciones y que atendiera la acción de desahucio sumario.[13]

Evaluadas las posturas de las partes, el foro primario mediante una fundamentada *Resolución* declaró no ha lugar el petitorio de reconsideración.[14]

Aún en desacuerdo, los peticionarios acuden ante esta Curia mediante el recurso del epígrafe y señalan el siguiente error:

> Erró el Tribunal de Primera Instancia al desatender lo pautado en la Regla 11 de Procedimiento Civil en torno a la procedencia de una reconvención compulsoria.

La Dra. Mater O'Neill Becerra compareció mediante *Oposición a Expedición de Certiorari*, por lo que, con el beneficio de las posturas de ambas partes, procedemos a resolver.[15]

**II.**

**A. Certiorari**

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *800 Ponce de León v. AIG*, 205 DPR 163, 190 (2020). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. JMG Investment, Inc. v. ELA et al.*, 203 DPR 708, 718 (2019). A diferencia del recurso de apelación, el tribunal revisor

---

[12] Íd., págs. 441-448.
[13] Íd., págs. 449-453.
[14] Íd., págs. 454-459.
[15] Cabe señalar que, el 18 de mayo de 2023, el foro primario emitió una *Sentencia Parcial* en la que autorizó el desistimiento con perjuicio de la Sra. Sara Dorna Pesquera. Véase, *Oposición a Expedición de Certiorari* de la parte recurrida, págs. 75-78.

tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Pueblo v. Rivera Montalvo,* 205 DPR 352 (2020).

Por su parte, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *800 Ponce de León v. AIG,* supra. No obstante, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.* Véase, además, *Scotiabank v. ZAF Corp.,* et al., 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG,* supra. Véase, además, *Mun. Caguas v. JRO Construction,* Inc., 201 DPR 703, 711 (2019). A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La citada Regla dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Pueblo v. Rivera Montalvo*, supra.

**III.**

Nos corresponde resolver, si en esta etapa de los procedimientos, el foro primario incidió al no autorizar la *Reconvención* instada por los peticionarios.

Al entender sobre la expedición de un auto de *certiorari* de naturaleza discrecional, debemos evaluar conforme nos permiten los estándares de revisión establecidas en la normativa antes expuesta. Solo así, podremos expedir el auto de *certiorari* presentado e intervenir con el dictamen recurrido. Con esta premisa conceptual establecida, corresponde a la parte peticionaria fundamentar cómo el TPI excedió los parámetros legales o no consideró adecuadamente el derecho aplicable.

En síntesis, la parte peticionaria plantea que su reconvención versa sobre los mismos eventos que motivaron la reclamación de la parte recurrida. Por ello, plantea que dicha reconvención era una de carácter compulsorio. Arguyó que, no existe disposición legal que impida a un tribunal procesar mediante una reconvención una acción de desahucio sumario. Por su parte, la recurrida sostiene que los demandados no solicitaron autorización al TPI antes de presentar la *Reconvención.* Indicó que los peticionarios comparecieron mediante mociones dispositivas y una contestación a la demanda, sin presentar reconvención alguna. Sostuvo que las reclamaciones sobre las áreas comunes, limitados y/o privativos del Condominio se relacionan a controversias que son de la jurisdicción y competencia del Departamento de Asuntos al Consumidor, al amparo de la Ley de Condominios de Puerto Rico, 31 LPRA sec. 1921 *et seq.*, por lo que, no procede la intervención del foro primario sobre dichas alegaciones instadas en la *Reconvención.*

Tras un examen sosegado del recurso de epígrafe, concluimos que no concurren los criterios que justifiquen nuestra intervención sobre la *Orden* recurrida, la cual no se aparta del estado de derecho vigente, según analizado por el foro primario. Colegimos que el TPI ejerció su amplia facultad discrecional en la presente causa y no identificamos indicio de pasión, parcialidad o error manifiesto en la determinación emitida. Al examinar cuidadosamente el tracto procesal, así como la normativa aplicable, concluimos que los peticionarios no nos han puesto en posición para intervenir, en esta etapa de los procedimientos, en este asunto de naturaleza interlocutoria. Tampoco identificamos factor o criterio alguno que apunte a un fracaso irremediable de la justicia. Sobre tales bases, concluimos que no está presente ninguno de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de

Apelaciones, *supra*, que justifique nuestra intervención sobre el dictamen recurrido.

**IV.**

Por los fundamentos expuestos, denegamos la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones